UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| COLUMBUS FITZGERALD MILLIGAN, III | CIVIL ACTION NO. 07-1416-P |
| VERSUS | JUDGE STAGG |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Columbus Fitzgerald Milligan, III. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in the United States District Court for the Middle District of Louisiana on August 13, 2007, and by order it was transferred and filed in this Court on August 27, 2007. Plaintiff is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He names the Louisiana Department of Public Safety and Corrections, Richard Stalder, Kathleen Blanco, Tim Wilkinson and the Winn Correctional Center as defendants.

Plaintiff claims that he is being denied incentive wages. As relief, he seeks monetary compensation and lost wages.

For the following reasons, Plaintiff's claim should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of

or injury to life, liberty or property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), <u>on remand</u>, 744 F.2d 22 (4th Cir. 1984); <u>Marshall v. Norwood</u>, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." <u>Lewis v. Woods</u>, 848 F.2d 649, 652 (5th Cir. 1988).

Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. <u>See</u> La. Civ. Code art. 2315. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this Court finds his complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. <u>See</u> <u>Hicks v. Garner</u>, 69

F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not

objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 15 day of November 2007.

```
                                    MARK L. HORNSBY
                            UNITED STATES MAGISTRATE JUDGE
```